**IN THE UNITED STATES DISTRICT COURT FOR**
**THE SOUTHERN DISTRICT OF WEST VIRGINIA**

**HUNTINGTON DIVISION**

FOUNDERS INSURANCE COMPANY,

> Plaintiff,

v.                                    CIVIL  ACTION  NO.  3:12-0644

REHAB INDUSTRIES, INC.,

> Defendant.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Defendant Rehab Industries, Inc.'s Motion to Dismiss or Alternatively, to Stay the Complaint for Declaratory Judgment. (ECF No. 4).  For the following reasons, the Court **GRANTS** the Motion to Dismiss.

On or about November 23, 2011, Jarred Maynard filed a civil action against Rehab Industries, Inc. (hereinafter Rehab) in the Circuit Court of Cabell County, West Virginia. Mr. Maynard asserts he was a patron at a night club operated by Rehab, and he was served alcohol to the point of extreme intoxication despite the fact the owners or agents of Rehab knew he was under the age of 21.  Mr. Maynard states he sustained injuries when he was severely beaten and unable to defend himself due to his intoxication.

Rehab is insured by Plaintiff Founders Insurance Company (hereinafter Founders).  On March 5, 2012, Founders brought this action in federal court seeking a declaration that it has no duty to defend or indemnify Rehab in the underlying state court action

because of exclusions in both the Commercial General Liability and West Virginia Liquor Liability Coverage sections of the policy.

On June 1, 2012, Rehab filed a motion with the state court for leave to assert a third-party complaint against Founders seeking a declaratory judgment on the insurance issues pending before this Court. In addition, Rehab sued Founders in the state court action for bad faith and reasonable expectation of coverage. Rehab also named Insurance Systems, Inc., as a party. Rehab alleges that Insurance Systems is Founders' agent, and it failed to procure insurance coverage for the conduct alleged by Mr. Maynard in the underlying suit. According to Founders, Insurance Systems brokered the placement of the policy at issue with Jimcor Agencies on behalf of Rehab. Jimcor Agencies purportedly is an independent managing general agent and insurance wholesaler.

Upon direction by this Court, the parties filed a Stipulation on October 11, 2012, in which they agree that the state court granted Rehab leave to file the third-party complaint on July 16, 2012. However, on September 7, 2012, Founders filed a motion to stay all action on the state declaratory complaint. The state court has not ruled on the motion, and no scheduling order has been entered on the third-party complaint. Trial on the underlying tort action is scheduled to begin on October 17, 2013.

On the same day Rehab filed its motion for leave to assert a third-party complaint in state court, it filed the current motion to dismiss or stay this federal action pending the outcome of the state court action. In *First Financial Insurance Co. v. Crossroads Lounge, Inc.*,

2

140 F. Supp.2d 686 (S.D.W. Va. 2001), this Court previously gave an in-depth discussion as to whether it should dismiss a declaratory judgment action in favor of having the issues resolved in state court.  As here, the insurer in *First Financial* brought a declaratory action asserting it neither had a duty to defend nor indemnify the defendant in the underlying state court action. 140 F. Supp.2d at 687-88.  The Court noted it had "'a strict duty to exercise the jurisdiction that is conferred upon . . .  [it] by Congress.'" *Id*. at 688 (quoting *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996) (citing *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 821 (1976)).  However, "this duty is not . . . absolute." *Id*. (internal quotation marks and citations omitted).  Pursuant to the Declaratory Judgment Act, federal courts "***may*** declare the rights and other legal relations of any interested party seeking such declaration[.]" 28 U.S.C. § 2201, in part (emphasis added).  Thus, the Court recognized that it has discretionary authority to entertain the declaratory action and considerable latitude in deciding whether it will assert jurisdiction. *First Financial*, 140 F. Supp. at 689.  This exception to the Court's ordinary duty to exercise jurisdiction is itself subject to certain limitations.  For instance, "a district court may not refuse to entertain a declaratory judgment action out of whim or personal disinclination, but may do so only for good reason." *Id*. at 690 (internal quotation marks and citations omitted).

*First Federal* recognized that a court normally should exercise its jurisdiction "'(1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" *Id*. (quoting  *Aetna Cas. & Sur. Co. v. Quarles*, 92 F.2d 321, 325 (4th Cir. 1937) (other citation omitted)).  However, a declaratory judgment should not be employed, "'to try a controversy by piecemeal, or to try particular issues without settling

the entire controversy, or to interfere with an action which has already been instituted.'" *Id.* (quoting *Quarles*, 92 F.2d at 325)).

In *Mitcheson v.* Harris, 955 F.2d 235 (4th Cir. 1992), the Fourth Circuit further stated that a court should consider factors "of comity, efficiency, and federalism" where there is underlying litigation in state court." *First Financial*, 140 F. Supp.2d at 690-91.  In this regard, the Fourth Circuit further stated in *Nautilus Ins. Co. v. Winchester Homes, Inc.*, 15 F.3d 371 (4th Cir. 1994),[1] that a district court should look at:

> (i) the strength of the state's interest in having the issues raised in the federal declaratory judgment action decided in the state courts; (ii) whether the issues raised in the federal action can more efficiently be resolved in the court in which the state action is pending; and (iii) whether permitting the federal action to go forward would result in unnecessary "entanglement" between the federal and state court systems, because of the presence of "overlapping issues of fact or law."

15 F.3d at 377 (citing *Mitcheson*, 955 F.2d at 237-41).  In addition, the Fourth Circuit added that a court should consider "whether the declaratory judgment action is being used merely as a device for procedural fencing—that is, to provide another forum in a race for res judicata or to achiev[e] a federal hearing in a case otherwise not removable." *Id.* (internal quotation marks and other citations omitted).

---

[1]*Overruled on other grounds*, *Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995).

Considering these factors, the Court finds they weigh in favor of allowing the state court to resolve the issues raised here.  The Court recognizes that "[i]t is well established that a declaration of parties' rights under an insurance policy is an appropriate use of the declaratory judgment mechanism." *United Capitol Ins. Co. v. Kapiloff*, 155 F.3d 488, 494 (4th Cir. 1988).  However, when considering the factors "of comity, efficiency, and federalism," the Court finds that the issues pending before this Court do not include all the issues pending before the state court.

Specifically, Rehab filed claims for bad faith and reasonable expectations of coverage against Founders in state court.  Such claims are not pending in the federal action. Rehab also named Insurance Systems as a third-party defendant in the state action, asserting it failed to procure adequate insurance coverage.  Insurance Systems, however, is not a party to the federal action.  Thus, the state action includes an additional party and claims that are not encompassed within this case.

In *First Financial*, the Court noted that a common situation favoring abstention occurs when the federal court is presented with coverage and defense issues in an insurance dispute, but the state action includes additional claims of "bad faith or unfair claim settlement . . ., or where the insured has made allegations of misrepresentation of the policy or of negligent failure to procure the requested insurance against the insurer." 140 F. Supp.2d at 692 n.7 (citations omitted).  Under those circumstances, the Court stated "the controversy as between the declaratory judgment plaintiff and defendant encompasses more than just the declaratory judgment issues and might not be settled by federal law." *Id*.

5

*First Federal* specifically cites *Centennial Life Insurance Co. v. Poston*, 88 F.3d 255 (4th Cir. 1996). In *Poston*, the Fourth Circuit reviewed a district court's decision to dismiss a declaratory judgment action filed by an insurer in favor of allowing the state court to resolve the issue. 88 F.3d at 256. In affirming the lower court's decision, the Fourth Circuit found it "particularly salient . . . [that] the state court action contains a defendant and a number of issues not present in the federal action[,]" specifically claims against the insurer's agent that he made certain representations about the policy and that he allegedly negligently failed to procure the requested insurance. 88 F.3d at 258. Although the federal action would resolve part of the controversy between the insurer and the insured, the Fourth Circuit held "it certainly would not settle the entire matter. The state litigation, on the other hand, could resolve all issues[.]" *Id*. The Fourth Circuit also noted that significant discovery already occurred in the state action. Therefore, the Fourth Circuit held that "[c]oncern for efficiency and judicial economy clearly support the district court's decision. *Id*.

Although there has not been significant discovery in the state declaratory action here, the other aspects of this case are very similar to *Poston*. In particular, this Court finds that the issues pending before it do not appear to be particularly novel or complex, which weakens the state's interest in deciding the issue. *See Poston*, 88 F.3d at 258 (stating "although only state law is at issue, the relevant state law is not problematic or difficult to apply, which weakens somewhat the state's interest in having these issues decided in state court"). However, as in *Poston*, the federal action does not encompass all the issues raised or parties sued in the state action. Thus, the Court finds it significant that resolution of the federal action will not settle the entire controversy. Like *Poston*, the state court action names the purported insurance agent and

makes a claim for representations made and negligent procurement.  In addition, the state court action in this case raises a bad faith claim, which is not part of the federal action.  Given that the federal action will not resolve these issues, "[c]oncern for efficiency and judicial economy clearly support" allowing the state court to resolve all the issues in one action. *Id.*[2]

Accordingly, considering all the factors above in light of the circumstances presented in this case, the Court finds in its discretion that abstention is appropriate.  Therefore, the Court **GRANTS** Rehab's Motion to Dismiss. [ECF No. 4].

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to all counsel of record and any unrepresented parties.

ENTER:      November 7, 2012

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

[2]The Court also appreciates the fact that this federal action actually was filed before the state action.  However, as stated in *Poston*, the race to the courthouse is not dispositive. *See Poston*, 88 F.3d at 258 (stating although "the federal action was filed first, we decline to place undue significance on the race to the courthouse door").

7